**Adam BINGHAM, Plaintiff,**

v.

**OREGON SCHOOL ACTIVITIES ASSOCIATION, Wes Ediger in his official and individual capacities, Defendant.**

**No. 98–6282–TC.**

United States District Court, D. Oregon.

Aug. 20, 1999.

Martha Lee Walters, Walters Romm & Chanti, Eugene, OR, for Adam Bingham, plaintiff.

Don G. Carter, Barry L. Groce, McEwen, Gisvold, Rankin, Carter & Streinz, Portland, OR, for Oregon School Activities Association, defendant.

### ORDER

COFFIN, United States Magistrate Judge.

Defendant OSAA has adopted its new Eight–Semester rule pursuant to this court's order of March 11, 1999.[1] This order defines the procedure for judicial review of OSAA decisions denying eligibility under Rule 8–9, when the denial is alleged to be in violation of the Americans with Disabilities Act.

In the court's initial ruling granting plaintiff relief on his request for a waiver of the Eight Semester rule given the circumstances of his disability, I rejected the argument that requiring OSAA to consider a student's disabilities in conjunction with such waiver requests would impose an immense, undue or impossible burden on OSAA. That is not to say, however, that

---

1. The amended OSAA Hardship Rule 8–9, which includes the Transfer (8–9–1), Eight Semester (8–9–2), Age (8–9–3), and Other Waivers (8–9–4) rules, is attached hereto as Attachment A.

the procedures to be implemented for consideration of such waiver requests should be spared from scrutiny with regard to the burden issue.

A major purpose of the ADA is to achieve *reasonable* accommodations for the disabled who qualify for such. An accommodation, to be reasonable, should represent a balance of the student's circumstances with OSAA's institutional need to be free from inordinate expense or the imposition of overly complicated procedures for the processing of waiver requests. The issue of what constitutes a reasonable accommodation is highly fact-specific and mandates an individualized inquiry. But to allow each student/athlete requesting an ADA-based waiver of Rule 8–9 an independent and de novo review of OSAA's decision in federal court would soon erode the "reasonableness" of the accommodation, as the expense associated with such continued and protracted litigation would threaten to overwhelm OSAA's budget[2].

In an effort to minimize the burden to OSAA of processing requests for disability-based waivers of Rule 8–9, while at the same time recognizing the feasibility of such waivers as reasonable accommodations, this court will afford deference to OSAA's findings on waiver requests in direct proportion to the thoroughness of those findings, as explained below.

The court review will necessarily address two questions: 1) whether the student is a qualified individual with a disability, and 2) whether his or her participation in a particular sport will result in undue risk to other competitors or an undue competitive advantage for that student's team.

### 1. Determination of Student as "Qualified Individual with a Disability"

The OSAA has borrowed a standard for determining whether an individual is qualified from the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401(a). To the extent that the OSAA relies the student's not having or not being in compliance with an Individualized Education Program (IEP) as its basis for denial of eligibility, that decision shall be reviewed under the standard set forth in *Capistrano Unified School District v. Wartenberg*, 59 F.3d 884, 890–92 (9th Cir. 1995). The court shall give due weight to the administrative decision, which will, at least in part, be the decision of the multidisciplinary team that evaluated the student for the IEP. The amount of deference accorded the OSAA findings will depend on the record it has made, and that deference increases where the findings are "thorough and careful." *Id.* at 891. *See also Doyle v. Arlington County School Board*, 953 F.2d 100 (4th Cir.1991); *Ash v. Lake Oswego School District*, 980 F.2d 585 (9th Cir.1992); *Scanlon v. San Francisco Unified School District*, 1994 WL 860768, at *4, 10 (N.D.Cal.)).

### 2. Determination of Undue Risk/Undue Competitive Advantage

The OSAA monitors and regulates high school athletics to ensure the safety of the participants and promote fair competitive standards for athletic events[3]. To that end OSAA has included a non-exclusive list of factors in its new rule to provide some specific criteria against which it will review waiver requests. These criteria should result in a thorough and complete administrative record to support the decision.

---

**2.** In *Washington v. Indiana High School Athletic Association, Inc.*, 181 F.3d 840 (7th Cir. 1999), the court noted that financial and administrative burdens placed on a state agency are legitimate hardships which a court must consider. While such hardships are initially viewed with respect to the agency's own internal procedures for determining waivers, the Supreme Court has indicated that overburdening employers with legal proceedings (as well as overburdening the courts) is also a legitimate consideration. *See Sutton v. United Air Lines, Inc.*, —— U.S. ——, ——, 119 S.Ct. 2139, 2148, —— L.Ed.2d —— (1999).

**3.** Although a voluntary organization, OSAA has been delegated rule-making authority by the State Board of Education. Therefore, OSAA eligibility decisions are administrative decisions attributable to that Board.

The court will give due deference to OSAA's decisions on undue risk and undue competitive advantage pursuant to *Capistrano v. Wartenberg.*

The party seeking a waiver should be able to present all relevant evidence to the OSAA or other state decision-makers, and this court will likely order that any additional evidence be submitted by affidavit. If the additional evidence raises issues not presented to OSAA, then this court will consider the propriety of remand for amended findings by OSAA prior to taking any further action. *See e.g. Springer v. Fairfax County School Board,* 134 F.3d 659, 666–67 (4th Cir.1998) (IDEA case discussing the undesirability of reducing state administrative proceeding to "a mere dress rehearsal").

## ATTACHMENT A

### 8–9  Hardship

#### 8–9–1  TRANSFER

The District Athletic Committee may in individual cases, at its discretion, waive or modify the eligibility rules regarding transfer, other than transfers involving home schools, when in its opinion there are circumstances beyond the control of the student or parent or other circumstances whereby enforcement of the rule would work an undue hardship upon the student.

Other eligibility considerations, including academic eligibility, may be considered by the District Athletic Committee only when ruling on transfer eligibility requests.

Transfer cases that involve fifth year eligibility must go directly to the Executive Director.

Decisions of the District Athletic Committee which deny eligibility may be appealed to the Eligibility Appeals Board

A decision by the Eligibility Appeals Board may be appealed to the State Superintendent of Public Instruction under OAR 581–21–035.

#### 8–9–2  EIGHT SEMESTER

The Executive Director may in individual cases, upon written request, declare eligible a student who would otherwise be ineligible under Rule 8–2 (Eight Semester/Graduation) because more than eight semesters have passed after the student entered the ninth grade if all of the following conditions are met:

(a) the student has not graduated from high school;

(b) the student establishes, to the reasonable satisfaction of the Executive Board or Executive Director, as the case may be, either:

  (1) that the student's Individualized Education Program Team has determined that the student has a "disability" (as defined below), and that the student was meeting the requirements of the student's I.E.P., yet was unable to graduate from high school within eight semesters after entering the ninth grade primarily because of the disability; or

  (2) due to circumstances beyond the control of the student or the student's parents there has been both a significant absence from school (not less than one semester) and an inability to obtain academic credit during that period of absence; and

(c) the student establishes, to the reasonable satisfaction of the Executive Board or Executive Director, as the case may be, that the student's participation would not (i) constitute an undue risk to the health or safety of other participants or (ii) provide the student or the student's team an undue competitive advantage

For purposes of this Rule 8–9–2, "disability" shall have the meaning provided in the Individuals With Disabilities Education Act, 20 U.S.C. § 1401(a).

Without limiting the evidence that may be considered, the Executive Board or

Executive Director, as the case may be, may consider the following in determining whether the student's participation would constitute an undue risk to the health or safety of other participants or provide the student or the student's team an undue competitive advantage:

(i) whether the student has presented a report from a physician regarding the student's height, weight and whether the student is likely to pose an undue risk to the safety and health of other participants; the student shall submit to an independent medical examination by a physician selected and paid for by the Association at the request of the Executive Board or Executive Director;

(ii) whether the student has previously participated in the sport for which eligibility is sought, or other similar sport, and if so, how many years and at what level the student has participated and whether the student's skill level is such that the student was ever a member of the starting team or was a recipient of league or other honors as a result of previous participation in the sport;

(iii) whether the student has competed in a prior state championship competition (either in an individual sport or in a team sport); and

(iv) whether the sport is a contact or a non-contact sport.

The Executive Board or the Executive Director may grant eligibility as to one sport and deny it as to another sport. A decision of the Executive Director may be appealed to the Executive Board. A decision of the Executive Board may be appealed to the State Superintendent of Public Instruction under OAR 581–21–035, or to any court with subject matter jurisdiction.

## 8-9-3  AGE

The Executive Director may in individual cases, upon written request, declare eligible a student who would otherwise be ineligible under Rule 8–3 (regarding age) if all of the following conditions are met:

(a) the student has not graduated from high school;

(b) the student establishes that the student's Individualized Education Program Team has determined that the student has a "disability" (as defined in Rule 8–9–2);

(c) the student establishes, to the reasonable satisfaction of the Executive Board or Executive Director, as the case may be, that the student entered school later than others of the student's age or was retained primarily because of the disability; and

(d) the student establishes, to the reasonable satisfaction of the Executive Board or Executive Director, as the case may be, that the student's participation would not (i) constitute an undue risk to the health or safety of other participants or (ii) provide the student or the student's team an undue competitive advantage.

Without limiting the evidence that may be considered, the Executive Board or Executive Director, as the case may be, may consider the following in determining whether the student's participation would constitute an undue risk to the health or safety of other participants or provide the student or the student's team an undue competitive advantage:

(i) whether the student has presented a report from a physician regarding the student's height, weight and whether the student is likely to pose an undue risk to the safety and health of other participants; the student shall submit to an independent medical examination by a physician selected and paid for by the Association at the request of the Executive Board or Executive Director;

(ii) whether the student has previously participated in the sport for which eligibility is sought, or other similar

sport, and if so, how many years and at what level, the student has participated and whether the student's skill level is such that the student was ever a member of the starting team or was a recipient of league or other honors as a result of previous participation in the sport;

(iii) whether the student has competed in a prior state championship competition (either in an individual sport or in a team sport); and

(iv) whether the sport is a contact or a non-contact sport.

The Executive Board or the Executive Director may grant eligibility as to one sport and deny it as to another sport. A decision of the Executive Director may be appealed to the Executive Board. A decision of the Executive Board may be appealed to the State Superintendent of Public Instruction under OAR 581-21-035,or to any court with subject matter jurisdiction.

### 8-9-4 ALL OTHER REQUESTS (EXCEPT TRANSFER, EIGHT SEMESTER AND AGE REQUESTS)

The Executive Director, in individual cases may, at his/her discretion, and upon terms and conditions as he/she may impose, waive or modify any eligibility rule, except the transfer, eight semester and age rules, when in his/her opinion there are circumstances beyond the control of the student or parent or other circumstances whereby enforcement of the rule would work an undue hardship upon the student.

A decision of the Executive Director may be appealed to the Executive Board. A decision of the Executive Board may be appealed to the State Superintendent of Public Instruction un-

der OAR 581-21-035, or to any court with subject matter jurisdiction.